IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SAM J. PEARSON, IV,
    Plaintiff,

vs.                                             Case No.: 3:10cv390/LC/MD

CORRY FLEETION,
    Defendant.
_____

## REPORT AND RECOMMENDATION

This cause is before the court upon referral from the clerk. Plaintiff commenced this civil rights action on October 7, 2010 by filing a complaint under 42 U.S.C. § 1983 (doc. 1), and a motion to proceed *in forma pauperis* (doc. 2). Because plaintiff's complaint and application to proceed *in forma pauperis* were not on the court forms, this court entered an order on October 20, 2010 directing plaintiff to submit, within twenty-eight days, an amended complaint on the court form and either the $350.00 filing fee or a complete application to proceed *in forma pauperis* on the court form. (Doc. 4). Plaintiff was warned that failure to comply with the order would result in a recommendation that this case be dismissed.

A copy of the October 20, 2010 order was mailed to plaintiff at his address of record, the Escambia County Jail. However, it was returned on October 27, 2010 as undeliverable, marked "Return to Sender, No Longer At This Address." (Doc. 5). To date, plaintiff has not filed a change of address form or otherwise notified the court of his current address.

Accordingly, it is respectfully RECOMMENDED:

1. That this cause be DISMISSED WITHOUT PREJUDICE for plaintiff's failure

to comply with an order of the court and failure to keep the court informed of his current address.

    2.  That the clerk be directed to close the file.

At Pensacola, Florida, this 24th day of January, 2011.

                         /s/ *Miles Davis*
                             **MILES DAVIS**
                             **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**